JiGRISBAUM, Judge.
On the original hearing of this matter, the defendant-appellant, the Parish of Jefferson (the Parish), filed a reply brief with this Court in which it raised, for the first time, the issue that the plaintiff-appellee, Fred Peterson, failed to establish that, at the trial court level, the Parish had actual or constructive notice of the pothole as required by La.R.S. 9:2800.
On the motion of appellee, this Court struck the appellant’s reply brief pursuant to Rule 2-12.6 of the Uniform Rules of the Courts of Appeal, stating that the brief failed to strictly confine itself to rebuttal points raised in appellee’s brief. We, therefore, held that appellant’s argument that appellee failed to meet the notice requirement was beyond our scope of review. We now reconsider that decision.
hit is the opinion of this Court that we should always adhere to our procedural vehicles, which are in place to ensure the orderly flow of this Court’s docket. However, the procedural realm is but one element of a case. At times, the substantive arena must prevail over the procedural. This is one such time.
It is clear from a review of the record that the notice requirement of La.R.S. 9:2800 was not met as is required by law. Appellee was the only witness to testify at trial. There was absolutely no evidence offered as to either actual or constructive notice of the pothole to the Parish.
As such, the appellee failed to carry his burden of proof at trial and did not establish his cause of action against the appellant. Accordingly, the judgment of the trial court is hereby reversed.

REVERSED ON REMAND.